FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 19 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARY CHOI-AMUNDSON, ) | |
|       Plaintiff, ) | |
| vs. ) | 3:10-cv-00095-RCJ-VPC |
| GEORGE ZATARAIN, ) | ORDER |
|       Defendant. ) | |

This case arises out of alleged sexual advances by an employer toward his employee. Before the Court is Defendant's Motion to Dismiss (ECF No. 6). For the reasons given herein, the Court grants the motion in part and denies it in part, granting it as to all causes of action except that for battery, with leave to amend the remaining claims.

I.    FACTS AND PROCEDURAL HISTORY

Plaintiff Mary Choi-Amundson was formerly employed as a dental assistant by Defendant George Zatarain. (First Am. Compl. ¶¶ 3–4). According to the First Amended Complaint ("FAC"), Defendant repeatedly flirted with Plaintiff despite her objections, including making inappropriate telephone calls to her home, asking her to wear revealing clothing to work, and on one occasion grabbing her head and forcibly bringing it to his crotch. (*Id.* ¶¶ 5–8). Plaintiff implies, but does not specifically allege, that Defendant terminated her employment. (*See id.* ¶ 14).

Plaintiff sued Defendant in state court, and Defendant removed. The FAC alleges seven causes of action: (1) Breach of Contract; (2) Breach of Duty of Good Faith and Fair Dealing (Contract); (3) Breach of Duty of Good Faith and Fair Dealing (Tort); (4) Intentional Infliction of Emotional Distress ("IIED"); (5) Sexual Harassment (implying, but not explicitly invoking, a hostile workplace environment claim under Title VII of the Civil Rights Act of 1964); (6) Assault; and (7) Battery. Defendant has moved to dismiss under Rule 12(b)(6).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling

on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III. ANALYSIS

#### A. Jurisdiction

Title VII of the Civil Rights Act of 1964 limits the jurisdiction of federal courts to those claims that the Equal Employment Opportunity Commission ("EEOC") has had an opportunity to examine. The scope of federal jurisdiction over a complaint under Title VII is therefore coextensive with the claims administratively exhausted with the EEOC, including claims filed but which the EEOC fails to adjudicate or investigate:

> To establish subject matter jurisdiction over his Title VII . . . claim, [the plaintiff] must have exhausted his administrative remedies by filing a timely charge with the EEOC. This affords the agency an opportunity to investigate the charge. Subject matter jurisdiction extends to all claims of discrimination that fall within the scope of the EEOC's actual investigation or an EEOC investigation that could reasonably be expected to grow out of the charge.

*Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 644 (9th Cir. 2003) (citing 42 U.S.C. § 2000e-5(b); *accord B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099–1100 (9th Cir. 2002)) (footnotes

omitted); *see* 42 U.S.C. § 2000e-5(f)(1).

In the FAC, Plaintiff does not allege having filed a complaint with the EEOC or having received a right to sue letter. In her response to the present motion, Plaintiff attaches an affidavit, wherein she attests that she filed a charge of discrimination with both the EEOC and the Nevada Equal Rights Commission ("NERC") on October 8, 2009. (*See* Choi-Amundson Aff. ¶ 9, Apr. 13, 2010, ECF No. 7, at 6). Plaintiff's attorney received a letter from the NERC dismissing the case because Defendant has fewer than fifteen employees (as required to invoke Title VII or parallel state statutes). (*See id.* ¶ 9; Letter, Dec. 9, 2009, ECF No. 7, at 10). Plaintiff argues that the receipt of this letter constitutes exhaustion of administrative remedies and entitles her to sue. Plaintiff sued on February 17, 2010, fewer than ninety days later.

Assuming, without deciding, that the notice from the NERC is equivalent to a right to sue letter from the EEOC—the agencies have a work-sharing agreement—the Court has jurisdiction over the Title VII claim, and hence over the rest of the case. *See* 28 U.S.C. § 1367. The Supreme Court has ruled that the fifteen-employee requirement is an element of a Title VII claim, not a jurisdictional prerequisite. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006).

### B. The Merits

Defendant is correct that most of the causes of action in the FAC are bare-bones recitations of the elements of the respective causes of action accompanied by no facts making the claims plausible. Notable exceptions are the battery claim and, except for the lack of an allegation that Defendant had fifteen or more employees, the Title VII claim. The deficiencies are obvious. For example, no symptoms amounting to severe emotional distress are alleged, nor are any facts indicating a contract or fiduciary relationship. Also, a completed battery obviates an assault claim over the same incident. The Court therefore grants the motion to dismiss in part and denies it in part, with leave to amend. Only the battery claim is sufficiently pled. Plaintiff may amend, but if she cannot sufficiently plead a Title VII claim, the Court will likely remand,

because there is no diversity between the parties. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED in part and DENIED it in part. All claims are dismissed except the claim for battery, with leave to amend the remaining claims.

IT IS SO ORDERED.

Dated this 19th day of January, 2011.

_____
ROBERT C. JONES
United States District Judge